UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL WATSON,

                Plaintiff,

                15 Civ. _____

    vs.

**COMPLAINT AND JURY DEMAND**

THE CITY OF NEW YORK, NYPD OFFICER
JOSEPH CUERVO (Shield #27083), NYPD OFFICERS
"JOHN DOE" ## 1 – 20,

                Defendants.
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution. After arresting plaintiff for misdemeanor marijuana possession charges, New York City police officers from the 6th Precinct brutally and unjustifiably beat plaintiff several times during the course of two days while he was in their custody at the stationhouse. Defendants violated plaintiff's constitutional rights by intentionally and unreasonably subjecting him to excessive force causing him to sustain serious physical and emotional injuries.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this

Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

2. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

3. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) because the claims arose in this district.

## JURY DEMAND

4. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PARTIES

5. Plaintiff Michael Watson currently and at all times relevant was a resident of the state of New York and a citizen of the United States.

6. NYPD Officer Joseph Cuervo (Shield #27083), is and was at all times relevant herein an officer, employee, and agent of the NYPD. On the dates of the incident, January 10 through January 11, 2013, he was assigned to the 6th Precinct in New York County. Defendant Cuervo is being sued herein in his individual capacity.

7. NYPD Officers John Doe ## 1-20 are and were at all times relevant herein officers, employees, and agents of the NYPD. On the dates of the incident, January 10 through January 11, 2013, they were assigned to the 6th Precinct in New York County.

Defendants NYPD Officers John Doe ##1-20 are being sued herein in their individual capacity.

8. At all times relevant herein, Defendants NYPD Officers John Doe ##1-20, whose actual names and shield numbers plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are sued herein by the fictitious designation "John Doe," were officers of the NYPD, acting in the capacity of agents, servants, and employees of the NYPD and acting under color of state law.

9. At all times relevant herein, NYPD Officers Joseph Cuervo and NYPD Officers John Doe ##1-20 ("Individual Defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

10. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks

attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

11.     At approximately 3:10 am on January 10, 2013 near 9th Avenue and West 13th Street, police officers from the 6th Precinct arrested Michael Watson for misdemeanor marijuana possession. His arrest on the street occurred without incident.

12.     After his arrest, the officers brought Mr. Watson to the 6th Precinct for arrest processing. While at the 6th Precinct, Defendants NYPD Officer Joseph Cuervo and NYPD Officer John Doe #1 brought Mr. Watson to the bathroom and ordered him to take off his clothes for a strip search. Mr. Watson cooperated, handing each article of clothing to the officers as he removed them. When Mr. Watson pulled down his underwear, Defendants Cuervo and John Doe #1 noticed that he was wearing a rubber penis strapped to his waist by a Velcro belt.

13.     Defendants Cuervo and John Doe #1 immediately started making fun of Mr. Watson, calling him "faggot" and "homo." Defendants Cuervo and John Doe #1 ordered Mr. Watson to hand over the rubber penis, which he did.

14.     While still making fun of Mr. Watson, Defendants Cuervo and John Doe #1 called Defendants NYPD Officers John Doe ##2-11 over to the bathroom to see the rubber penis. Defendants John Doe ##2-11 joined in on ridiculing Mr. Watson. They laughed and asked him what a "faggot" like him did with the rubber penis. Mr. Watson retorted in sum and substance, "I'm not a fag. You're a fag and even if I was, it's none of your business."

15. By this time there were approximately ten to twelve officers in the bathroom kicking the rubber penis like a soccer ball, laughing and spewing homophobic remarks at Mr. Watson, including threats to shove the rubber penis up his anus, while Mr. Watson was standing there naked with his underwear down by his ankles.

16. After Mr. Watson called the officers a "fag," one of the defendants punched Mr. Watson in the face, causing him to fall to the ground. While Mr. Watson was on the ground, one of the defendants handcuffed him behind his back before the ten to twelve defendant officers beat, punched and kicked Mr. Watson about the face, head, and body until he was lying on the bathroom floor in a pool of blood.

17. Beaten, bloody, and in pain, Mr. Watson was then placed in a holding cell until EMS arrived and brought him to the hospital.

18. At Beth Israel Medical Center, Mr. Watson was treated for injuries to his face and body including but not limited to a fracture of his left eye socket, swelling, contusions and pain to his left eye, contusions to his face and scalp, and contusions, cuts, and pain to his bilateral flank.

19. Mr. Watson was discharged from the hospital at approximated 5:15 p.m. on January 10, 2013 and escorted back to the 6th Precinct by NYPD officers.

20. After returning to the 6th precinct, Mr. Watson was taken to the fingerprint area by Defendants NYPD Officers John Doe #12 and John Doe #13. Defendant John Doe #12 was a black male officer and John Doe #13 was a white plainclothes officer. Defendant John Doe #12 referred to Mr. Watson as a "dickhead" and handcuffed one hand to a bar on the wall. Defendant John Doe #12 then with great force pulled Mr.

Watson's other arm and hand toward the fingerprint station. Mr. Watson pulled away, telling the officer that he was hurting him. Defendant John Doe #12 retaliated by punching Mr. Watson in the nose and back and struck him on his legs. Mr. Watson's nose started gushing blood.

21. Defendant John Doe #13 observed Defendant John Doe #12 beating Mr. Watson but did nothing to prevent, intervene, or stop him or make any attempt to prevent, intervene or stop him.

22. Following this second beating, Mr. Watson was taken back to Beth Israel Medical Center by ambulance. The ambulance call report noted that when EMS workers arrived at the 6th precinct they found Mr. Watson handcuffed and sitting in a chair with blood on the floor of his cell and his nose swollen and deformed.

23. While at Beth Israel Medical Center, hospital staff noted Mr. Watson's prior injuries from the first beating as well as new injuries to his left flank, nose, and back.

24. After his discharge from the hospital, Mr. Watson was again released to the custody of NYPD officers and taken back to the 6th precinct.

25. After his return, Mr. Watson was again assaulted by 6th precinct police officers. Prior to this third beating, Mr. Watson was in a holding cell when he exchanged words with an officer who kept cursing at him. Suddenly, up to seven officers (Defendants NYPD Officers John Doe ## 14 – 20) rushed into the cell and punched and kicked Mr. Watson. Mr. Watson curled up in a fetal position on the floor of the holding cell to try to protect himself, but to no avail.

26. Mr. Watson was again taken back to Beth Israel Medical Center where hospital staff noted that Mr. Watson was "beaten up again" and observed injuries to the right side of Mr. Watson's face and eye, blurred vision, neck and back pain, cuts to his mid back, cuts on his right hand by the pinky finger, hematoma on his anterior shoulder, and bruises on his ankles and wrists from shackles.

27. After Mr. Watson's discharge from the hospital a third time, he was taken directly to Central Booking. Mr. Watson was arraigned on misdemeanor drug charges and obstructing government administration at approximately 10:45 pm. on January 11, 2013 and released.

28. Mr. Watson was not convicted of any of the criminal charges initiated by the police officers, including the charge of obstructing government administration. The criminal case was resolved on April 9, 2013 when Mr. Watson plead guilty plea to the violation of disorderly conduct.

**CLAIM FOR RELIEF**
**42 U.S.C. § 1983/Fourth Amendment**

29. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

30. The use of excessive force by the Individual Defendants, in beating, punching, and kicking Plaintiff, when he did not pose an immediate threat to the safety of the officers or others was an objectively unreasonable physical seizure of Plaintiff in violation of his rights guaranteed under the Fourth Amendment of the United States Constitution.

31. The failure of the Individual Defendant who were present but failed to prevent, intervene, stop, or make any attempt to prevent, intervene or stop the Individual Defendants from using objectively unreasonable excessive force, that they knew to be objectively unreasonable, against Plaintiff violated Plaintiff's rights guaranteed under the Fourth Amendment of the United States Constitution.

## SECOND CAUSE OF ACTION
### Negligent Hiring, Retention, Training and Supervision

32. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

33. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the Individual Defendants who were unfit for the performance of police duties on January 10 through January 11, 2013, at the aforementioned location.

34. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that the Court grant the following relief jointly and severally against Defendants:

1. Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by plaintiff as a result of the events alleged herein.

8

2.      Punitive damages against the Individual Defendants in an amount to be determined at trial.

3.      For pre-judgment interest as allowed by law.

4.      An order awarding plaintiff reasonable attorneys' fees, together with the costs of this action.

5.      Such other further relief as the Court may deem appropriate.


Dated:   October 13, 2015
         New York, New York

                                ROMANO & KUAN, PLLC

                                _____
                                Julia P. Kuan (JK 3822)
                                600 Fifth Avenue, 10th Floor
                                New York, New York 10020
                                (212) 763-5075
                                Julia.kuan@romanoandkuan.com

                                *Attorneys for Plaintiff*